ROBERT G. HALLUM ET AL. v. J. M. SILLIMAN ET AL.

No. 3121.

Will—Power of Independent Executor.—In a will is the following clause: "It is my will and desire that when my son Robert Hallum shall arrive at the age of twenty-one years any balance which may remain of my estate after the payment of my debts and the sale of so much of my estate as shall be sufficient in the opinion of my executor to support and educate my children as above provided, be divided as follows, to-wit: One equal portion in value to each of my children then living at the time of the division; or if my son Robert Green Hallum shall die before he arrives at the age of twenty-one years, then the division of my estate, if any remain, shall be at the time of his death." A sale made by the executor after Robert Hallum had reached the age of twenty-one years was legal and should be sustained. The power to sell for the purposes indicated in the will did not expire upon Robert Hallum's majority.

APPEAL from Anderson. Tried below before Hon. F. A. Williams.

This is an action of trespass to try title. All parties claim title through Mrs. M. I. Hallum, deceased, as the common source. She died in 1879, leaving a will in which she appointed J. M. Willis independent executor. The will was duly probated January 21, 1879, J. M. Willis qualifying as independent executor and guardian of the minor children. All parties claim the land in controversy through and under this will.

Appellants are the surviving children of the testatrix and are named in the will. They sue for all real estate sold by J. M. Willis as independent executor since Robert Green Hallum reached his majority.

The defendants pleaded not guilty, the statute of three and five years limitation, and for improvements made in good faith.

The only issue noticed in the opinion is the proper construction to be placed upon the will as to the power of the independent executor to sell property belonging to the estate without the sanction of the court after Robert G. Hallum arrived at age.

Judgment was rendered for defendants. Plaintiffs appealed.

*Charles Rogan* and *John Young Gooch,* for appellants.— 1. An independent executor has no power to act under the will other than that conferred on him by the will itself, and if the authority of J. M. Willis to sell as independent executor of Mrs. Hallum's will was confined to the period between the probating of the will and the arrival of R. G. Hallum at the age of twenty-one years, or until his death if he should die before reach-

ing his majority, then all sales of property made by the executor since then are void if the sales were not ordered and confirmed by the court.

2. The condition of the will having happened for a division of the estate, his authority as independent executor ceased, and if he failed to make sales sufficient for the support, maintainance, and education of the children prior to the happening of the condition, he could not afterwards exercise this authority as independent executor, but must resort to the court for orders.

The general rule is that a power must be strictly executed as given; and a power given to be executed within a time named must be executed within that time. 1 Perry on Trusts, sec. 254.

In cases where the power is given to a trustee coupled with a trust for others, the trust will not fail because the power has ceased. The court will put itself in the place of the trustee and exercise the power by the most equitable rule. 1 Perry on Trusts, sec. 254.

The words of a will should be given an interpretation which will give to every expression some effect, rather than one which will render any expression inoperative. Beach on Wills, sec. 315.

The intention of the testator is the great object of inquiry; and where the intention of a testator to create a trust is clear and lawful the fact that the means provided for carrying out the purpose may be inadequate—as that the time within which the trust shall be executed is too brief—shall not defeat the trust, but the court will execute it. Paschal v. Acklin, 27 Texas, 193; Laval v. Staffel, 64 Texas, 370; Beach on Wills, sec. 322.

In regard to infants it is the universal rule that estoppels do not apply to or affect them, except that they are bound by their own positive fraudulent acts and representations made to deceive and defraud others. Kilgore v. Jordan, 17 Texas, 341; 2 Herm. on Estop., sec. 28.

*Link & McMeans*, for appellees Luckett, Stewart, Payne, and Bowden; *Gregg & Reeves*, for appellee J. M. Silliman; *J. R. Burnett*, for appellees Butler, Reese, Anderson, Stork, and Robinson.— 1. The court properly construed the will as authorizing the executor to sell the lots in controversy. Cooper v. Horner, 62 Texas, 356; Johnson v. Bowden, 43 Texas, 674; Blanton v. Mays, 72 Texas, 421.

2. Even if the executor was not authorized to convey the lots the judgment is correct, because by the judgment against him for the proceeds of the sales and the collection of a portion of same appellants have ratified the sales and are estopped from recovering the lots; for they can not hold the proceeds and recover that for which they were paid. Nanny v. Allen, 77 Texas, 240; Harrison v. McMurray, 71 Texas, 122; McAnear v. Epperson, 54 Texas, 220.

HENRY, ASSOCIATE JUSTICE.—Appellants, who claim title through

their mother's will, brought this suit to recover land from the defendants, who claim as purchasers from the executor of the same will.

The decision of the controversy depends upon the proper construction of the following clause in the will:

"It is my will and desire that when my son Robert Hallum shall arrive at the age of twenty-one years, any balance which may remain of my estate after the payment of my debts and the sale of so much of my estate as shall be sufficient in the opinion of my executor to support and educate my children as above provided, be divided as follows, to-wit: One equal portion in value to each of my children then living at the time of the division; or if my son Robert Green Hallum shall die before he arrives at the age of twenty-one years, then the division of my estate, if any remains, shall be at the time of his death."

The lands in controversy were sold and conveyed by the executor after the son Robert Green Hallum had arrived at the age of twenty-one years.

There is no question made about the authority of the executor to sell unless his power was terminated by reason of Robert Green's arrival at the designated age.

The evident purpose of the testatrix was to make provision for the education of the younger children before any division of her estate should be made in which her eldest son should participate.

Aside from any reason given for it, the direction in the will is plain and imperative that partition of the estate should be made only of so much of it as might remain after the sale of enough for the payment of the debts of the testatrix and the provision of an allowance for the support and education of her children.

The son's arrival at the age of twenty-one years neither had the effect of defeating the gift nor modifying the power of the executor to make the sale.

The judgment is affirmed.

*Affirmed.*

Delivered November 7, 1890.