CHARLES E. LYDECKER v. HELEN A. BABCOCK.

The amendment of the Practice act, approved March 4th, 1890 (*Pamph. L.*, p. 24), does not authorize a person to whom a judgment had previously been assigned, to bring suit upon the judgment in his own name.

On contract.   On demurrer to the declaration.

Argued at February Term, 1893, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *James P. Northrop.*

For the defendant, *Willard P. Voorhees.*

The opinion of the court was delivered by

DIXON, J.   The declaration alleges that on January 9th, 1886, one Sullivan recovered a judgment in the Supreme Court of the State of New York against the defendants; that on September 20th, 1887, Sullivan assigned said judgment to one Morrison; that on November 9th, 1889, Morrison assigned it to the plaintiff, and that thereby an action has accrued to the plaintiff to recover the amount due on the judgment from the defendants.   To this count one of the defendants demurs, and the question presented is, whether the plaintiff can maintain the action in his own name.

It is a well-known rule of the common law that with the exception of instruments negotiable by the law merchant, choses in action were not assignable so as to enable the assignee to sue thereon in his own name.   *Parsons* v. *Woodward*, 2 *Zab.* 196, 205.

The only statute of this state which authorizes the assignee of a judgment to bring suit upon it in his own name is an amendment to the Practice act, approved March 4th, 1890. *Pamph. L., p.* 24.   This statute having been passed after the making of the assignments set forth in the declaration, we must consider whether it has retrospective force.   Its language is, " and all judgments recovered  *  *  *  shall be assignable at law, and the assignee  *  *  *  may sue thereon in his  *  *  *  own name."

It is well settled that laws will be construed as prospective only, unless an opposite intention of the legislature appears clearly by the terms or by necessary implication.   *Nova constitutio futuris formam imponere debet, non prœteritis.   Broom's Leg. Max.* 28; *City of Elizabeth* v. *Hill,* 10 *Vroom* 555; *Alden* v. *Newark,* 11 *Id.* 92; *McGovern* v. *Connell,* 14 *Id.* 106; *Boylan* v. *Kelly,* 9 *Stew. Eq.* 331.   A statute does not alter or affect the quality or legal relations of past acts and

concluded transactions, unless there be found in it such clear and indubitable expression of the legislative design to do so as precludes any other reasonable interpretation of the words used. *Citizens' Gaslight Co.* v. *Alden,* 15 *Vroom* 648.

The language of the statute now under consideration is plainly consistent with a purpose to legalize and define the force of subsequent assignments only. It therefore did not affect the assignments upon which the plaintiff relies.

The defendant is entitled to judgment on the demurrer.