Fox *et al. v.* Merchants' Bank & Trust Co. *et al.*

(Division B.    Oct. 28, 1929.)

[124 So. 321.    No. 28070.]

**D. C. Enochs**, of Jackson, for appellant.

**Green, Green & Potter**, of Jackson, for appellees.

Argued orally by **D. C. Enochs**, for appellant, and by **Garner W. Green**, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellees, Merchants' Bank & Trust Company and Garner W. Green, filed their bill against appellants, Mrs. G. F. McMurtray, Frank C. Fox, and Russell L. Fox, for the specific performance of a written contract of sale by appellees to appellant Mrs. McMurtray of a lot in the city of Jackson, in Hinds county, on the corner of George and North President streets, with the apartment house thereon known as 609-611 George street; and, to that end, to have the court construe the last will and testament of Mrs. Jennie E. Fox. Appellants demurred to the bill, which demurrer was by the court overruled, and an appeal from that decree granted appellants to settle the principles of the cause.

Mrs. Jennie E. Fox died seized and possessed of the property involved. She died testate, devising the property specifically to appellee, Merchants' Bank & Trust Company, as trustee. The bank qualified as executor, and with the approval of Garner W. Green, and the chancery court of Hinds county, as provided in the will, entered into a contract of sale of the property involved with Mrs. McMurtray. The latter refused to carry out the contract, upon the ground that, on the arrival of Frank C. Fox, at the age of twenty-one years, the power of sale in the trustee was thereby put an end to.

The bill set out that the lot, located at the corner of George and North President streets, has on it a two-story frame apartment house, erected many years ago, and not in the best physical condition; that the expense incident to the ownership and upkeep of the property was not commensurate with the returns therefrom, and therefore it was to the best interest of the estate, and the beneficiaries under Mrs. Fox's will, that the property be sold, and the proceeds thereof otherwise invested. The court, in its decree overruling defendant's demurrer to the bill, found, under the allegations of the bill and the will of Mrs. Fox exhibited therewith, and the governing principles of law, that the contract of sale was valid; that the bank, as trustee under the will, with the approval of Garner W. Green and the chancery court, had the right to sell the property under the power given in the will, notwithstanding Frank C. Fox had arrived at the age of twenty-one years; and decreed specific performance of the contract.

Appellant's position is as stated—that, on the arrival of Frank C. Fox at the age of twenty-one years, the bank's power of sale of the lot ceased to exist; while appellees' position is the converse. The question is to be solved by the proper construction of the following provisions in Mrs. Fox's will;

"Property not specifically disposed of, I. will to the Merchants' Bank & Trust Company, of Jackson, . . . as Trustee, and to its successors in trust, vesting full power of disposition, conversion and reconversion, subject at all times to the approval of the chancery court of Hinds county, First district, or the chancellor thereof."

"I direct that my piece of property known respectively as . . . my lot corner of George and North President street, with the apartment known as 609-11 George street be sold as soon as practical after my death at private sale or at auction as Mr. Garner W. Green and the Merchants' Bank & Trust Company of Jackson, Mississippi, may see fit to direct."

"I direct that no investments be made except in bonds lawful for savings banks in New York and Massachusetts." .

"The income from my property, so far as essential, and if necessary, the principal thereof, shall be used for the support, education and maintenance of my two sons, Frank Creevy Fox and Russell Lambert Fox, until the first of my sons arrives at the age of twenty-one years at which time the estate shall be divided into two absolutely equal parts, one of which shall be held for Russell and one of which shall be held for Frank. I direct that as each of my two sons become twenty-one years of age they shall receive from my estate one thousand dollars ($1,000.00) in money and five thousand ($5,000.00) dollars in bonds, and that the trustee shall continue its duties as trustee until my sons respectively arrive at the age of twenty-four years when the property belonging to each shall be delivered absolutely. I direct that after arrival at the age of twenty-two years the income from the respective shares be paid direct to my two children."

It will be observed that under one of the provisions of the will the bank, as trustee, and its successors in trust, with the approval of Garner W. Green and the chancery

court of Hinds county, as to the property not specifically disposed of by the will, were vested "with full power of disposition, conversion and reconversion." And in another provision of the will, the lot and the apartment house thereon, involved in this cause, are described, and the bank as trustee, with the approval of Green, is empowered and required to sell the same as soon as practical after the death of the testatrix, at private or public sale, as the bank and Green, in their discretion, might see fit. And then, there is the provision in the will that appellants stand on, which is that, on the arrival of Frank C. Fox, the elder son, at the age of twenty-one years, the estate of the testatrix should be divided into absolutely equal parts, one of which shall be held by Russell, and one of which shall be held by Frank.

In solving the question involved, there are two outstanding provisions of the will to be considered, namely: (1) That the lot and apartment house thereon on George street shall be sold as soon as practical after the death of the testatrix, full power of sale being vested in the bank as trustee, with the consent of Garner W. Green and the chancery court of Hinds county; and (2) that, on Frank C. Fox reaching his majority, the estate should be divided into two absolutely equal parts.

The will does not provide that, if the property involved had not been sold before Frank C. Fox reached his majority, the power of sale in the trustee shall cease. The will is silent in that respect. The question is, Did the power cease because it had not been exercised by the trustee before Frank C. Fox reached his majority? The power to sell conferred on the trustee, subject to the approval of Green and the chancery court of Hinds county, is without limit as to when it should take place, except the will provides that the lot shall be sold as soon as practical after the death of the testatrix. A power of sale vested by will in a trustee will continue, in the ab-

sence of an express limitation in the will to the contrary. 31 Cyc. 1113; Hallum v. Silliman, 78 Tex. 347, 14 S. W. 797; Cruikshank v. Parker, 51 N. J. Eq. 21, 26 A. 925 (N. J.).; Johns Hopkins University v. Middleton, 76 Md. 186, 24 A. 454; Cussack v. Tweedy, 126 N. Y. 81, 26 N. E. 1033.

The property involved was specifically devised to the bank as trustee. Where an estate is given by one clause of a will in clear and decisive terms, such estate cannot be cut down by raising a doubt, by mere inference, upon the meaning and application of a subsequent clause. Harvey v. Johnson, 111 Miss. 566, 71 So. 824.

We have here, in plain and unmistakable terms, a devise of the lot and apartment house involved, to the bank, as trustee, with the power of sale, subject to the approval of Green and the chancery court of Hinds county. And in addition to such power, the will, in mandatory language, provides for a sale as soon as practicable after the death of the testatrix. Appellants contend that this mandatory power was taken away from the trustee by inference only, for there is no subsequent provision in the will that undertakes to limit the power. In other words, appellant's position is that when Frank C. Fox reached his majority the power of sale in the bank was gone by inference, because the will provides that at that time there should be a division of the estate between the two sons.

We think appellant's position is without merit.

Affirmed and remanded.