## HANIE v. GRISSOM *et al.*

(Division A. Feb. 22, 1937.)

[172 So. 500. No. 32582.]

Blair & Anderson, of Tupelo, and Sohm & Humphreys, of Memphis, Tenn., for appellant.

Mitchell & Clayton, of Tupelo, for appellees.

**Cook, J.,** delivered the opinion of the court.

Mrs. M. P. Henderson, a resident of Tupelo, Miss., died in January, 1929, leaving a last will and testament which was duly probated, and which disposed of her real estate in the city of Tupelo in the following manner:

"To my four children, Lillian, Georgia, Daisy and Frank I give my two store houses and lots on which they are located.

"I do not want them sold for a division without the written consent of the majority of the four heirs. I wish them to be rented out and managed as I have managed them.

"If any one of my children die without any children, I want his or her part to go to my children that are living, those living to share equally."

At the time of the execution of this will in the year 1929, Mrs. Henderson had only the four children who are named as devisees in the foregoing paragraphs of the will, and all of them survived their mother. In 1933, one of the devisees, Mrs. Georgia Eskridge, died without issue, leaving a will providing that the income from all her property should be paid to her husband, R. A. Eskridge, during his lifetime, and at his death, devising to her sisters, Mrs. Lillian Dicks and Mrs. Daisy Grissom, a life estate in said property, with remainder to the heirs of their bodies. The will of Mrs. Eskridge was probated and afterwards renounced by her husband, who then, as an heir at law of Mrs. Georgia Eskridge, deceased, filed the original bill of complaint herein, asserting an interest in fee in the real property devised under Mrs. Henderson's will. The complainant, R. A. Eskridge, died testate on the 7th day of April, 1936, and thereafter this cause was revived in the name of the ex-

ecutrix of his will. Upon the hearing of the cause the court held that, under the provision of the will of Mrs. Henderson, upon the death of Mrs. Georgia Eskridge without issue, her interest in the devised property passed to the remaining surviving children of Mrs. Henderson, and from the decree dismissing the bill of complaint this appeal was prosecuted.

It is the contention of the appellant that the limitation over contained in the provision that "if any one of my children die without any children, I want his or her part to go to my children that are living, those living to share equally," took effect only in the event of the death of a devisee during the lifetime of the testatrix, and that since all the children of the testatrix survived her they took an absolute fee-simple title.

As stated in Sims v. Conger, 39 Miss. 231, 77 Am. Dec. 671, it is the settled rule in this state that "in a bequest to A, and, 'in case he dies,' or 'in the event of his death,' simply, without further words of contingency, over to B, the contingency intended is the death of A before the testator; and hence, if A survived the testator, that he takes absolutely," unless there are other expressions or dispositions in the will justifying a different construction, but the limitation here is not merely "in case of" or "in the event of" death. The limitation over here involved is death of any one of the first takers without children, and there are no other expressions, dispositions, or circumstances indicating an intention that the limitation over should take effect only in case of the death of a devisee before the death of the testatrix. On the contrary, the will as a whole, and the circumstances surrounding its execution, appear to us to indicate an intention that the limitation should take effect upon death of a devisee without issue at any time, whether before or after the death of the testatrix.

Section 2116, Code 1930, provides as follows:

"Every contingent limitation in any conveyance or will made to depend upon the dying of any person without heirs or heirs of the body, or without issue or issue of the body, or without children, or offspring, or descendant, or other relative, shall be held and interpreted as a limitation, to take effect when such person shall die not having such heir, or issue, or child, or offspring, or descendant, or other relative, as the case may be, living at the time of his death, or born to him within ten months thereafter, unless the intention of such limitation be otherwise expressly and plainly declared on the face of the instrument creating it."

The provision of this statute that a contingent limitation in a will depending upon the dying of any person without issue, or issue of the body, or without children, etc., shall be interpreted as a limitation to take effect when such person shall die not having such heir, or issue, or child, has reference to the death of the devisee or legatee, and in the absence of an intention to the contrary expressly or plainly declared on the face of the will, appears to require that the limitation over be interpreted as taking effect on the death of one of the devisees without issue, at any time. Other language of the will, as well as circumstances at the time of its execution, supports the latter construction. At the time of the execution of the will the testatrix was seventy-five years old, and it would hardly be supposed that in providing for the disposition of her property she contemplated only the death of her children before her own. That the testatrix did not intend that the devise over should take effect only in case of death of the devisees before the death of the testatrix is further strongly indicated by her expressed wish in the will that the devised property should not be sold for division without the written consent of a majority of her four heirs, and that these heirs should rent and manage the property as she had done. These were directions to her children

who, if living, would become her heirs at law at her death, as to the management of her property after her death, and indicates an expectation and intention that the limitation over should take effect upon the death of any one of the devisees without issue, at any time, whether before or after the death of the testatrix. In the case of Britton v. Thornton, 112 U. S. 526, 528, 5 S. Ct. 291, 294, 28 L. Ed. 816, the rule is recognized that when a devise is made to one person in fee and "in case of his death" to another in fee, the courts should interpret the devise over as referring only to death in the testatrix' lifetime, but it is there said that: "When the death of the first taker is coupled with other circumstances which may or may not ever take place, as, for instance, death under age or without children, the devise over, unless controlled by other provisions of the will, takes effect, according to the ordinary and literal meaning of the words, upon death, under the circumstances indicated, at any time, whether before or after the death of the testator."

We conclude, therefore, that under the will the four named devisees took a fee defeasible on their deaths without issue, leaving one or more of the other devisees surviving them. Armstrong v. Thomas, 112 Miss. 272, 72 So. 1006. We think this conclusion necessarily follows without reference to evidence that was offered as to expressions of the testatrix in reference to her purpose and desires, and as to the circumstances under which the will was executed, and, consequently, assignments based upon the admission of this testimony present no reversible error.

Appellant assigns as error the failure of the court to hold that the will violates the rule against perpetuities, but she presents no argument in support of this view. Insofar as they affect the interest that passed upon the death of Mrs. Eskridge without issue, there can be no violation of the rule against perpetuities or of the

two donee statute, section 2765, Code 1906, which was in force at the time of the death of the testatrix. The decree of the court below will, therefore, be affirmed.

Affirmed.