### ALLEN *v.* HOWARD.

(In Banc. March 25, 1946.)

[25 So. (2d) 325. No. 36017.]

Brewer & Sisson, of Clarksdale, and L. E. Farley, of Memphis, Tenn., for appellant.

842

**Dulaney & Bell,** of Tunica, for appellee.

846

Argued orally by **L. E. Farley** and **Ed C. Brewer**, for appellant, and by **J. W. Dulaney**, for appellee.

**Sydney Smith, C. J.,** delivered the opinion of the court.

In September 1929, Mrs. Clemmie T. Knight, who was then domiciled in the State of Tennessee, made a will containing a number of devises and bequests, among which were the following items:

"Item XI. I hereby give, devise and bequeath what is known as the Glover Plantation in DeSoto County, Mis-

sissippi, containing 2216 acres, more or less, and all personal property located on same to Kate Nash Torian. If the said Kate Nash Torian should die without heirs of her body living at the time of her death, then the prop-. erty herein devised shall vest in Jean Amis, Julia Ann, eldest grand-daughter of Lee McLennan, Winfield Wilson, Qanita Williamson and Clemmie L. Howard.''

''Item XIII. I hereby give, devise and bequeath to Willie Woodson Gaither and Margaret Sangster Roach one-half of all the real estate in the State of Mississippi of which I may die seized and possessed, coming to me under the will of my husband, W. C. Knight. If the said Willie. Woodson Gaither and Margaret Sangster Roach or either of them should die without heirs of the body living at the time of her death, then it is my will that the share of real estate so devised shall vest in Helen Knight Howard absolutely and in fee.''

''Item XIV. I hereby give, devise and bequeath to Helen Knight Howard absolutely and in fee, one-half of all real estate located and situated in the State of Mississippi, of which I may die seized and possessed, coming to me under the will of my husband, W. C. Knight.''

''Item XVIII. All the residue of my estate which I may have failed to dispose of herein or which may fall into my estate by reason of lapsed devises or bequests or otherwise, I devise and bequeath to Helen Knight Howard.''

Item XIX appoints Joe Sanders trustee ''of my will, hereby vesting in him . . . full power and authority to divide equally and ratably the property devised herein and to make deeds of conveyance to the respective beneficiaries.'' During the course of the administration of the trust the trustee divided the property devised by Item XIII of the will, setting apart to each of the devisees therein her portion thereof, and petitioned the court below, in which petition the three devisees of that item of the will joined, to authorize him to execute a deed to each of them to the portion set apart to her; the deeds

to Mrs. Allen, formerly Margaret Sangster Roach, and Mrs. Willie Woodson Gaither to stipulate that it is "subject to the limitation in favor of Mrs. Helen Knight Howard as set forth in Item XIII of said will." The Court approved this partition of the property and authorized the execution of the deeds, and they were accordingly executed, delivered to, and accepted by, the grantees therein.

Mrs. Gaither is still living but Mrs. Allen died without heirs of the body living at her death, leaving a will by which she devised the property so set apart to her, to her husband, L. K. Allen. Mrs. Helen Knight Howard then filed this bill of complaint against Allen, claiming the land under the limitation over in Item XIII of Mrs. Knight's will and praying that his claim thereto be canceled and that she be given possession of the land. The decree of the Court below was in accordance with this prayer of the bill.

One of the appellant's contentions is that the limitation over in Item XIII of the will on the death of Willie Woodson Gaither and Margaret Sangster Roach refers only to their death during the lifetime of the testatrix.

The question to be determined then is the time at which the death of Margaret Sangster Roach must occur in order to cause the property here devised to her to go over to Helen Knight Howard. If Hanie v. Grissom et al., 178 Miss. 108, 172 So. 500, should control, the death referred to is death at any time either before or after the death of the testatrix, but as Mrs. Knight was domiciled in Tennessee when this will was made, its construction and interpretation, in order to understand its meaning, is governed by the law of that state under which such words in a will refer to the death of the devisee during the lifetime of the testatrix; Meacham v. Graham, 98 Tenn. 190, 39 S. W. 12; Katzenberger v. Weaver, 110 Tenn. 620, 75 S. W. 937; Frank v. Frank, 120 Tenn. 569, 111 S. W. 1119; unless it appears from the whole will that the testatrix meant death at any time, either before

or after her death, Hoggatt v. Clopton, 142 Tenn. 184, 217 S. W. 657, so we turn now to the will and its codicils.

If the testatrix meant the death of Gaither and Roach during her, the testatrix', lifetime, it would have been wholly unnecessary for her to provide that in that event the property devised to them should vest in Mrs. Howard for that would have been the result of their death during the testatrix' lifetime under the residuary clause of the will.

By Item XI of her will, Mrs. Knight devised and bequeathed Glover Plantation and all personal property thereon to Kate Nash Torian, with a limitation over on her death similar to that in Item XIII of the will here under consideration. The limitation in Item XI being: "If the said Kate Nash Torian should die without heirs of her body living at the time of her death, then the property herein devised shall vest in Jean Amis, Julia Ann, eldest granddaughter of Lee McLennan, Winfield Wilson, Qanita Williamson and Clemmie L. Howard."

By Item XVI of her will, Mrs. Knight appointed a trustee for the property devised to Kate Nash Torian, "vesting in him full power to manage and control the same for her (Kate Nash Torian) best interests and pay over to her the annual income from same," the trust to end "if and when Kate Nash Torian shall have been married for a period of ten years and her husband shall be alive," and "is capable of managing her said estate."

In June 1930 Mrs. Knight added a codicil to her will providing that "in the event the operations of Glover Plantation should prove unprofitable for three successive years, and it should be to the best interests of the said Kate Nash Torian that said plantation be sold and the proceeds thereof reinvested, then I hereby direct, authorize and empower by said trustee to sell said plantation, provided the said Kate Nash Torian approves such sale and joins in the deed, and said trustee shall reinvest the proceeds thereof according to its best judgment and discretion, advising with the said Kate Nash Torian

as to such reinvestments, and shall hold the same for and during the term of the natural life of the said Kate Nash Torian, the principal *to be disposed of in accordance with Item XI of my will.*" (Emphasis supplied.)

The property devised to Kate Nash Torian could not, of course, vest in her until the death of the testatrix, and this codicil, in connection with which the will must be construed, Joiner v. Joiner, 117 Miss. 507, 78 So. 369, 69 C. J. 120, indicates that the testatrix interpreted Item XI of her will as meaning and intended it to mean, that the limitation over therein on the death of the devisee should attach to the property when her interests therein vested and should become effective on her death thereafter without heirs of her body then living. The trustee's duty under this codicil is to manage the property into which that devised in Item XI of the will might have been converted, and to pay the income thereof to the devisee "during her natural life," "the principal to be disposed of in accordance with Item XI of" the will; that is, "if the said Kate Nash Torian should die without heirs of her body living at the time of her death" to pay or deliver the principal to "Jean Amis, Julia Ann, eldest granddaughter of Lee McLennan, Winfield Wilson, Qanita Williamson and Clemmie L. Howard." Items XI and XIII of this will must be given the same construction unless there is something in the will indicating the contrary, and as there is no such indication it follows that the limitation over on the property devised in Item XIII to Margaret Sangster Roach attached thereto when the property vested in her and became effective on her death without heirs of her body then living, resulting in the property becoming vested in Mrs. Howard.

Another of the appellant's contentions is that if the limitation over in Item XIII of the will survives the death of the testatrix, Mrs. Allen became vested on the death of the testatrix with an estate in fee simple to the property devised to her, and the attempted limitation over on her death without heirs of her body is not sufficiently

clear and decisive to be enforcible under the rule announced in Smith v. Reynolds, 173 Tenn. 579, 121 S. W. (2d) 572; Harvey v. Johnson, 111 Miss. 566, 71 So. 824; Fox v. Merchants' Bank & Trust Co., 155 Miss. 188, 124 So. 321.

In support of this contention counsel for the appellant say in effect that the meaning of this provision of Item XI of the will is vague and uncertain for the reason that it does not appear with certainty therefrom whether on the death of one of these devisees without heirs of her body her interest in the land is to vest in Mrs. Howard, without any effect on the interest in the land of the other devisee who is still living, or whether the interests of both devisees would on the death of one of them without heirs of her body vest in Mrs. Howard. We are not concerned with what effect, if any, the death of Mrs. Allen may have on the property here devised to Mrs. Gaither, and nothing here said must be understood as an expression of an opinion thereon. The meaning of this limitation over is clear at least to this extent, that on the death of one of the devisees without heirs of her body, her interest in the land devised vests in Mrs. Howard. Any doubt that could arise as to the effect, if any, of the death of one of these devisees without heirs of her body has on the interest of the property devised to the other who is still living, can not render obscure that, which without this doubt, is clear, and means, to partly repeat, that on the death of one of these devisees without heirs of her body her interest in the land vests in Mrs. Howard although the interest of the other devisee may, or may not, be affected thereby.

The decree of the court below being in accord with the foregoing views will be affirmed.

Affirmed.

**L. A. Smith, Sr., J.,** took no part in this decision.