FRANK M. BENNETT, Plaintiff, *v.* WILLIAM H. BENNETT et al., Defendants. ·

Supreme Court, Special Term, Westchester County, August 3, 1948.

*Prime Bros. & Duffy* for plaintiff.

*Waxstein & Gelbman* for William H. Bennett and another, defendants.

COYNE, J. On September 24, 1925, Harry V. Bennett and Catherine Bennett, husband and wife, executed mutual wills. The wills were signed simultaneously before the same witnesses. Paragraph " First " of each will contained the following provision, excepting the change of their names and the related personal pronouns: " First: I, HARRY V. BENNETT, of Yonkers, N. Y., husband of Catherine Bennett, provided that if I should die first, that by this instrument I give, devise and bequeath all my property, both real and personal, of whatever it may consist and wheresoever situated, which at the time of my death shall belong to me or be subject to my disposal by will, to Catherine Bennett, my beloved wife, absolutely and forever; with the sole proviso and condition that any thereof which at the time of her death, as hereinafter provided for, shall belong to her and be subject to disposition by her, shall be devised and descend absolutely and in fee simple to our beloved children Mary Elizabeth Bennett and Frank M. Bennett. It is not intended by this proviso to limit the enjoyment of my said wife under the terms hereof, to a life estate."

There is little or no dispute on the facts, many of which have been admitted by the defendants' failure to respond to plaintiff's demand for admission of facts. Catherine Bennett died on March 19, 1943. Harry V. Bennett died on December 28, 1946. Both died leaving the respective wills referred to. Each will has been admitted to probate in the Surrogate's Court of Westchester County. An examination of the files in the Surrogate's Court disclosed that there has been no adjudication of the question here involved. The decedents left surviving four children, namely, Frank M. Bennett, Harry Bennett, William H. Bennett and Mary Elizabeth Northey, nee Bennett.

The action is brought by Frank M. Bennett individually and in behalf of Mary Elizabeth Bennett, for a judgment directing a partition of certain real property which descended under the wills of the decedents mentioned. The complaint seeks further relief by way of an adjustment of certain expenditures made by plaintiff in maintaining the property. The defendants who have appeared, William H. Bennett and Harry Bennett, are the children of Harry V. Bennett by a previous marriage. They claim an interest as distributees of their father, Harry V. Bennett. The State of New York and the other defendant have been joined in the action for formal purposes.

The action brings to issue a construction of the mutual wills and the legal effect of the dispositive provisions of the same as they bear upon the interests of the respective litigants.

The theory of the complaint is vague and uncertain. It is difficult to ascertain whether plaintiff seeks relief by virtue of the alternate provision contained in the will of Harry V. Bennett, as alleged in paragraph '' Third '', or by the virtue of a purported contract arising under the mutual wills, as alleged in paragraph '' Fourth ''. The latter position is untenable. Plaintiff derived no contractual rights by reason of the mutual wills for they contained no compact or agreement binding upon the survivor.

In the opinion of the court, and it is so alleged in paragraph '' First '' of the complaint, the survivor, Harry V. Bennett, received all of the common property absolutely and in fee simple. Moreover, it is specifically provided in the last sentence of the paragraphs designated '' First '' of the mutual wills as follows: '' It is not intended by this proviso to limit the enjoyment of my said wife [husband] under the terms hereof, to a life estate.'' The record before the court is devoid of extrinsic facts showing an intention to qualify the absolute gift to Harry V. Bennett. Certainly, the so-called proviso clause following the absolute

gift is insufficient of itself to establish an intention to cut down the absolute gift to Harry V. Bennett.

A remainder cannot be limited upon an absolute estate in fee. Where a gift is provided by will and such gift is intended to be absolute, a gift over is repugnant to such absolute gift and void and the purported gift over must be treated as a mere expression of a wish or desire regarding the distribution of such part of the gift as may remain undisposed of at the death of the donee. (*Matter of Ithaca Trust Co.*, 220 N. Y. 437, 441.) A gift to one followed by a gift to another of such part thereof as may remain at the decease of the first taker, can be enforced when the intention of the giver is clear and definite to limit the gift to the first taker to a life estate with power to dispose of the principal or any part thereof during his lifetime and to give to another such part of the principal as is not disposed of in the lifetime of the taker. (*Tillman* v. *Ogren*, 227 N. Y. 495, 502; *Seaward* v. *Davis*, 198 N. Y. 415.) A gift over after a gift that is apparently absolute is sustained because it is ascertained that it was not the giver's intention to make an absolute gift, but one qualified and limited by the subsequent or other provisions of the will or instrument creating the gifts. (*Leggett* v. *Firth*, 132 N. Y. 7.) An apparently absolute estate cannot be cut down or qualified unless the intention is clear and definite. As previously stated, there is no proof in the present record sufficient to qualify the absolute gift to Harry V. Bennett.

Having concluded that plaintiff derived no benefits under the will of Catherine Bennett, the next question posed is whether he is the recipient of benefits under the will of Harry V. Bennett, and if so, to what extent. In his will, Harry V. Bennett provided " that if I should die first, * * * I give * * * all my property * * * to Catherine Bennett, my beloved wife, absolutely and forever ". In his will he left his entire estate to his wife, Catherine Bennett, in the event she survived him. She having predeceased him, this contingency never occurred and the devise lapsed resulting in intestacy. (*Keefe* v. *Keefe*, 134 Misc. 705, revd. on other grounds 230 App. Div. 654.) Contrary to the allegation of paragraph " Third " of the complaint, the will of Harry V. Bennett contained no alternate clause providing for a devise of the property to Frank M. Bennett and Mary Elizabeth Northey in the event Catherine Bennett predeceased the testator. The will of Harry V. Bennett provided only for a contingency in the event he predeceased his wife, Catherine Bennett. As noted, this contingency never occurred. The court has sought a construction to avoid intestacy (*Greene* v. *Greene*,

125 N. Y. 506; *Kalish* v. *Kalish,* 166 N. Y. 368), but on the theory of plaintiff's case, the documentary proof, and admitted facts such a construction is impossible. The so-called proviso clause is inoperative and can confer no legal rights upon plaintiff. In view of the foregoing, it follows that Harry V. Bennett died intestate, and that the subject property must be partitioned in accordance with the law of intestate distribution.

The matter of adjusting the account for the maintenance of the subject property remains to be considered. It is well settled law that an individual tenant in common may occupy the property in question without incurring liability for the payment of rent or for use and occupation so long as he does not exclude other cotenants from the exercise of similar rights. (*Matter of Hazley,* 166 Misc. 745, and the cases cited therein.) In the absence of evidence showing that the defendant, Mary Elizabeth Northey excluded the other tenants in common from possession, she may not be charged for the use and occupation of the premises. However, the income derived from the rental of the five garages on the property shall be first applied to the payment of all inevitable expenses necessary to keep the property in ordinary condition. So, too, plaintiff is entitled to be reimbursed for the sum of $95.90 expended in payment of taxes. If the income of the property is insufficient to defray the ordinary maintenance charges, each cotenant is responsible pro rata for any deficit.

Judgment is granted in favor of defendants dismissing the complaint, except to the extent indicated, and judgment granted in favor of the defendants, William H. Bennett and Harry Bennett on their counterclaim decreeing a partition under the stated provisions of law. No costs. Settle decision and judgment at chambers.