FRIERSON, et al. *v.* MOORHEAD.

Division B.   Apr. 23, 1951.

No. 37941 (51 So. (2d) 925)

812

Overruled June 11, 1951, (52 So. (2d) 833)

**Robin Weaver** and **John F. Frierson**, for appellants.

814

**Sams & Jolly,** for appellee.

**Alexander, J.**

Frierson was appointed executor of the estate of Mrs. Mellie S. Blair, deceased. Mrs. Moorhead, a granddaughter of Mrs. Blair, was, upon application, appointed guardian of her father, Ralph Pope Blair, non compos mentis. Protest against such appointment was filed by the executor but no order was entered thereon.

Mrs. Moorhead, as guardian, filed her petition to require a final accounting by the executor and for delivery of the assets of the estate of Mrs. Blair to her as guardian of the estate of Ralph Pope Blair, who was alleged to be the devisee and legatee of the bulk of the estate of his mother, Mrs. Blair, under her will.

The next proceeding was a petition by the executor to revoke the letters of guardianship. The petitioner was joined by Ralph Pope Blair, by Mellie Grey Irion as cousin and next friend, and by her individually. Answer was filed by Mrs. Moorhead and a cross petition set up a claim to the bulk of the estate, as guardian, and prayed for a construction of the will of Mrs. Blair. The executor asserted his right to administer the estate as testamentary trustee for Ralph Pope Blair.

Upon a hearing, in which the testimony was chiefly documentary, the chancellor, by final decree, construed

the will to devise to Ralph Pope Blair the estate and ordered the executor to render a final account as such, and to deliver the estate to the appellee, as guardian. From this decree, the executor appeals.

█ █ The record makes clear that Ralph Pope Blair was duly adjudged non compos mentis. Appellant's motion to include, by amendment to his petition, the file in these proceedings was overruled. We find no error here. The validity of this proceeding is not and cannot be seriously questioned, and the right of the court to appoint a guardian for the insane ward is conferred by Code 1942, Section 430. There was no statutory requirement under the circumstances for process upon the ward as would have been proper in a separate and adversary proceeding against him as provided in Section 1864.

█ █ Nor does this proceeding involve the necessity for citation upon the ward as where approval of a final account is sought. Code 1942, Section 429. Here the filing, and not the approval, of such account is prayed for.

█ █ The competence of the court to construe the will is challenged. As shown, the pleadings and the prayers thereof are based respectively upon the executor's contention that he is a testamentary trustee, and appellee's position that there exists no trust but that the ward is entitled under the will to the entire estate. To adjudicate this controversy, which involves property rights, construction is necessary and was in fact prayed for in appellee's cross petition.

The will of Mrs. Blair is as follows:

"Last Will and Testament

"State of Mississippi
"Lowndes County
"City of Columbus
"July 27, 1938

"I, Mellie Smith Blair, make and publish this, to be my last will and testament—revoking all former wills.

"Item 1: I bequeath to my son, Ralph Pope Blair, all of my property, real estate and personal.

"Item 2: I instruct my son, according to agreement, to leave everything that belonged to me to my niece Miss Grey Irion at his death,—except a small bequest to Mr. Willis Pope.

"Item 3: I instruct my son, according to agreement, to leave the diamond ring that he wears and my bronze candelabras, with the cut glass prisms, to Mr. Willis Pope, at his death.

"I request my administrator to give my son, R. P. Blair, about $70.00 per month, or as near that amount as is practical, while my estate is being settled.

"I also request my administrator to pay the Home Owners Loan Corporation $39.64 per month, payment on my home while he is settling up my estate.

"Item 4: I bequeath Mrs. Carolyn Moorhead, nee Carolyn Blair, my granddaughter, $25.00.

"I request Mr. John Frierson to administer on my estate.

"Mellie Smith Blair"

Under Item 1, the entire estate (with a trivial exception) was devised absolutely to the ward. This sharpens the inquiry to consideration as to whether this estate is clearly diminished by Items 2 and 3.

We agree with the chancellor that the language in the two succeeding items was admonitory only and not dispositive. At the outset we must disregard the phrase "according to agreement" as contributing nothing to the purpose and intent of the testatrix. In the first place it is not known who were the parties to this "agreement" nor what was its nature. The surmise of the appellant that the parties thereto were the testatrix, Ralph Pope Blair, and Miss Irion not only remains a speculation but includes therein a party who was not sui juris.

The clause "I instruct my son", regardless of its connotation under other circumstances, can not here be construed otherwise than as advisory. In this connection the instruction was that the devisee "leave" everything that "belonged" to the testatrix to the niece

"at his (Blair's) death." So that if Miss Irion is to accede to any of the property, it is to be by virtue, not of the will of Mrs. Blair, but of an anticipated will of Ralph Pope Blair. The niece is therefore not a devisee of Mrs. Blair but at most a prospective devisee of Ralph Pope Blair. She is devised nothing under the will of Mrs. Blair.

We have upheld contracts by which persons have obligated themselves to devise property, when such contracts were executed by the proposed devisee. Johnston v. Tomme, 199 Miss. 337, 339, 24 So. (2d) 730. Here, however, there is no contract shown. No such case is here presented.

■■ It is elemental that an absolute devise may not be reduced or diminished to a life estate by any succeeding language which is inferior in clarity and certainty to the devising clause. Mere implication is not enough. 33 Am. Jur., Life Estates, etc., Section 15.

■■ We are of the opinion that Ralph Pope Blair is entitled under Item 1 to so much of the estate as is not definitely bequeathed under Item 4. The decree is therefore affirmed as requiring a final accounting by the executor, transfer of the estate to the appellee, as guardian, and dismissal of the petition of appellant to revoke the letters of guardianship issued to appellee.

Affirmed.

## On Suggestion of Error.

**Hall, J.**

Appellants have filed a suggestion of error and in addition thereto a suggestion of diminution of record whereby they pray to have brought up as a part of the record in this case a copy of the proceedings in the entirely separate cause wherein Ralph Pope Blair was adjudicated non compos mentis so as to question and bring into review the statement in the original opinion

herein that Ralph Pope Blair was duly adjudged non compos mentis.

At the trial in the lower court counsel for all the parties entered into an agreement and stipulation as to a part of the facts in the case, among which is: "It is further stipulated and agreed that Ralph Pope Blair, the person mentioned in said will and the son of Mrs. Mellie Smith Blair, was duly adjudged to be a person of unsound mind in a lunacy proceeding in Case No. 5601."

It is now argued vigorously that there are certain defects in said lunacy proceeding as a result of which there was no legal adjudication of insanity. Without discussing the merits of those contentions we think they are foreclosed by the above stipulation, especially since one of appellants affirmatively alleged in the pleadings that Blair was legally adjudicated non compos mentis and the other appellant did not raise any question as to the legality of that proceeding, and throughout the trial no effort was made to revoke the stipulation. The prayer of the suggestion of diminution of the record is accordingly denied.

We have carefully considered all of the points raised by the suggestion of error and have reached the conclusion that the original decision herein is correct.

Suggestion of diminution of record denied and suggestion of error overruled.