## WHEELER, EXECUTOR *v.* WILLIAMS

No. 40971 January 26, 1959 108 So. 2d 579

R. F. B. *Logan,* Hernando; *James Stone & Sons, T. H. Freeland, III,* Oxford, for appellant.

*Joel P. Walker, Jr.,* Hernando, for appellees.

McGEHEE, C. J.

There is submitted to the Court for construction the second item in the will of S. C. Williams, deceased, executed on August 2, 1934. The item in question reads as follows: ''Second,—I hereby give and bequeath unto my beloved wife, Frankie Williams, all my property, real, personal and mixed of every nature kind and description, except a certain parcel of land consisting of seven and one third acres more or less, to my son G. E. Williams, the said parcel of land lying and being adjacent to his present land as agreed upon, he already having received his portion of my estate he therefore will not participate further in same. It is my will and desire that my daughter, Lillie Williams, receive all property, personal and real, that her mother, Frankie Williams, have or possessed with at her death.''

It is the contention of the appellant that under this item of the will there was devised to Mrs. Frankie Williams only a life estate and that upon the death of the testator S. C. Williams the remainder therein became vested in his daughter Lillie Williams, whereas it is the contention of the appellees, who are the children of G.

E. Williams, named in the said item of the will, that there was devised to Mrs. Frankie Williams a fee simple estate in the land, and that as such devisee Mrs. Frankie Williams had the legal right to dispose of her property by will to her grandchildren, the appellees, who are the children of her son, G. E. Williams, as aforesaid. The trial court decided the issue in favor of the children of G. E. Williams; and E. M. Wheeler, having died subsequent to the filing of his bill of complaint herein, as sole surviving heir of Lillie Williams Wheeler, the said L. M. Wheeler was substituted as the legal representative of the said original complainant.

██ █ It is to be conceded that the intention of the testator must be determined from the surrounding circumstances at the time of the execution of the will of S. C. Williams, and not at the time of the death of his wife, Mrs. Frankie Williams.

 At the time of the execution of this will on August 2, 1934, shortly before the death of the testator on November 21, 1934, the circumstances were as follows: The testator, S. C. Williams, had a wife, Mrs. Frankie Williams, a son, G. E. Williams, and an unmarried daughter, Lillie Williams, who was then about forty years of age. The testator and his wife had on May 30, 1928, conveyed to their son, G. E. Williams, 25.9 acres of their farm land, and it is to be noted in Item 2 of the will hereinabove-quoted that he devised to the said son an additional 7 1/3rd acres of land adjacent to the tract theretofore conveyed to him. For that reason, this item of the will provides that he, G. E. Williams, "having received his portion of my estate he therefore will not participate further in same." This item of the will, it will be noted, states that "I hereby give and bequeath unto my beloved wife, Frankie Williams, all my property, real, personal and mixed of every nature kind and description, except a certain parcel of land consisting of seven and one third acres more or

less, to my son G. E. Williams * * *'' There is no sentence or clause in the will which undertakes to reduce the fee simple estate given and bequeathed unto the wife of the testator in the first sentence of said Item 2 of the will, except the second sentence of the said item which is of less clarity and certainty than the first sentence thereof. In this second sentence of the item, he says: ''It is my will and desire that my daughter, Lillie Williams, receive all property, personal and real, that her mother, Frankie Williams, have or (be) possessed with at her death.'' Of course the testator could not devise to his daughter Lillie Williams ''all property'' that her mother Frankie Williams have or be possessed with at her death, since if Frankie Williams owned other property in her own right at any time prior to her death she could dispose of the same as she so desired.

It is therefore argued by the appellees that the words ''It is my will and desire'' as to what should become of his wife's property at her death were mere precatory words expressing the wish of the testator, and were not words of devise. At least these words do not carry as much force as the words used by the testator when he said ''I hereby give and bequeath unto my beloved wife, Frankie Williams, all my property * * *''

Moreover, at the time of the execution of the will of S. C. Williams on August 2, 1934, his daughter Lillie Williams, then about forty years of age, as aforesaid, had been living with the testator and his wife all of her life and was still residing in their home. Naturally, the testator, having already provided for his son, felt some obligation and responsibility in making some provision for his said daughter, or to express the will and desire that her mother, Frankie Williams, should do so with whatever property she might have or be possessed with at her death.

But Lillie Williams died approximately one year prior to the death of her mother. At the time of the execution

of his will, S. C. Williams may have assumed that his daughter Lillie Williams would remain unmarried and would continue to reside with her mother after his death. However, she married E. M. Wheeler about a year after the death of her father, and later in 1954 she died, leaving E. M. Wheeler as her sole heir-at-law, but she died about one year before her mother, as aforesaid.

It will be noted that the second and only other sentence in Item 2 of the will hereinbefore quoted refers to the property that Lillie Williams is to receive as being that which Frankie Williams may "have or (be) possessed with at her death." We therefore do not think that it was intended by the testator to vest a remainder in his daughter Lillie Williams, effective at the time of the death of the testator, but that he merely meant that if Lillie Williams was *living* at the time of the death of her mother that she was to "receive all property * * * that her mother * * * have or (be) possessed with at her death." Since Lillie Williams died prior to the death of her mother, she could not receive any property that her mother had or was possessed with at the time of her death. We think that the intention of the testator is clear that he wanted Lillie Williams, if living, to receive "all property * * * that her mother, Frankie Williams, have or (be) possessed with at her death"; that his concern was for his daughter Lillie Williams and not for any husband that she may leave surviving her, and that he did not intend to express any desire that his daughter Lillie Williams should receive any property of her mother until the latter's death.

The daughter having predeceased her mother, the second sentence of Item 2 of the will became inoperative since the daughter was not there to receive any property that her mother had at the time of her death.

The wife, Frankie Williams, in recognition of the desire of her husband, and in carrying out her own de-

sire, that their daughter Lillie should be provided for, executed a will of her own December 31, 1936, devising her property to Lillie for life, and the remainder to her grandchildren, who were brought in as parties to the suit as the children of G. E. Williams, who had already received his share of the estate.

██ ██ It is assigned as error that the chancellor permitted G. E. Williams to testify, but we do not think that he was incompetent to testify, since he is not shown to have been claiming any interest in the land, but was testifying to establish the claim of his children thereto.

Section 833, Code of 1942 Annotated, reads as follows: "Every estate in lands granted, conveyed, or devised, although the words deemed necessary by the common law to transfer an estate of inheritance be not added, shall be deemed a fee-simple if a less estate be not limited by express words, or unless it clearly appear from the conveyance or will that a less estate was intended to be passed thereby."

We do not think that the item of the will here in question reduced the fee simple estate devised to the wife, to a less estate by express words, nor do we think that it clearly appears from the will that a less estate was intended to be passed thereby.

We think that the second sentence of Item 2 of the will is merely precatory, since it advises his wife of his desire with respect to the ultimate disposition of *her property*. The expression of this desire is not limited to the property that the testator devised to his wife but purports to include all property that the mother should have or be possessed with at the time of her death.

It is true that it was stipulated that 66.77 acres of land was all of the land that the testator owned at the time of his death, other than the 7 1/3rd acres that he devised in his will to his son G. E. Williams; and that it was also stipulated that this 66.77 acres was the only land Mrs. Frankie Williams owned at the time of

her death. Nevertheless, the second sentence of Item 2 of the will was broad enough to cover any property that the wife may have inherited or otherwise acquired from any source, both real and personal. This the testator did not have the legal right to do, and we think that Item 2 of the will is a recognition by the husband that he had devised this land to his wife and that she may still own all or a part of it at the time of her death, and that the testator was admonishing her of his desire that whatever she should own at the time of her death should be received by the daughter Lillie Williams.

The cases of Selig v. Trost, 110 Miss. 584, 70 So. 699, and Spiva v. Coleman, 122 Miss. 142, 84 So. 144, refer to "my said property", (meaning the property of the testator only), and not to the property that the wife may own at the time of her death.

In Frierson v. Moorhead, 211 Miss. 811, 51 So. 2d 925, the Court said: "It is elemental that an absolute devise may not be reduced or diminished to a life estate by any succeeding language which is inferior in clarity and certainty to the devising clause. Mere implication is not enough. 33 Am. Jur., Life Estates, etc., Section 15."

In re Vail's will, 228 Miss. 151, 87 So. 2d 68, the Court again said: "Still another well-recognized principle is that an absolute devise may not be reduced or diminished to a life estate by any succeeding language which is inferior in clarity and certainty to the devising clause," citing former Mississippi cases. To the same effect is Martin v. Eslick, 229 Miss. 234, 90 So. 2d 635, and the cases therein cited.

In the case of Sweigert v. Sweigert, 89 N. E. 2d 686, the Ohio Court of Appeals held that where the wife gave, devised and bequeathed to her husband all of her property, and immediately afterwards declared that after his decease all of his real and personal property that was in his possession at the time of his death, shall be-

come the property and possession of the son of the testatrix, that the husband took the property in fee, and pointed out that the language of the gift over included the expression "all his". That is, it designated the husband's real and personal property in his possession at his death, and so made it more plain that there was simply an attempt by the testatrix to will for her husband all of his property without reference to kind, description or how acquired, a thing which the law would not permit.

See also Page on Wills, Lifetime Edition, Vol. I, Sec. 91, p. 199; Fields v. Fields, 139 Oregon 41, 3 P. 2d 771; Bennett v. Bennett, 193 Misc. 553, 81 NYS 2d 653; Barco v. Owens, 212 N. C. 30, 192 S. E. 862; Moran v. Moran, 143 Mich. 322, 106 N. W. 206; and Bradford v. Martin, 199 Iowa 250, 201 N. W. 574.

Announcing the same principle declared in the foregoing decisions is the statement in 19 Am. Jur., Estates, Sec. 120, p. 576: "Where there is an absolute or unlimited devise or bequest of property, a subsequent clause expressing a wish, desire, or direction for its disposition after the death of the devisee or legatee will not defeat the devise or bequest or limit the estate or interest in the property to the right to possess and use during the life of the devisee or legatee. The absolute devise or bequest stands, and the other clause is to be regarded as presenting precatory language."

From an examination of the numerous decisions cited in the excellent briefs, both for the appellant and for the appellees, and a discussion of which decisions would unduly prolong this opinion, we have concluded that Item 2 of the will of S. C. Williams, deceased, devised a fee simple title to Mrs. Frankie Williams, wife of the testator, and that the second sentence of the said item is inferior in clarity and certainty to the devising clause and that the words "It is my will and desire that my daughter, Lillie Williams, receive all property * * * that

her mother, Frankie Williams, have or (be) possessed with at her death'' are inoperative, under all of the facts and circumstances of this case, and that therefore the wife of the testator had the right in 1936 to will and devise to Lillie Williams a life estate, with the remainder to her grandchildren, who are the children of her son, G. E. Williams; that while G. E. Williams was the original defendant, he was not claiming any interest in the land at the time of the trial and was testifying to establish only the claim of his children to the land in question. The trial court reached the same conclusion hereinabove last stated, and we are of the opinion that the decree should be affirmed.

Affirmed.

*Hall, Lee, Kyle* and *Holmes, JJ.,* concur.