BRADY, Justice:
This is an appeal from the Chancery Court of Marion County, Mississippi, wherein the chancellor sustained the appel-lee’s general demurrer to the appellant’s bill of complaint. The appellant was seeking to cancel a deed executed by one of the appel-lees, Mrs. Beulah Mae Morman, by which she purportedly deeded certain land unto another appellee, Mrs. Mary Lavelle M. Thornhill. From the sustaining of the demurrer this appeal is taken.
On July 5, 1945, A. W. Morman and his wife, Mrs. Beulah Mae Morman, executed a joint Last Will and Testament, as follows:
We do hereby will, devise and bequeath unto the survivor of us all property of every kind and character which we or either of us may own at the time of the death of the first of us.
A. W. Morman died on February 25, 1948, and this instrument was probated as his last will and testament by decree of the Chancery Court of Marion County, Mississippi, on November 26, 1948.
The appellant seeks cancellation of a certain warranty deed from the appellant’s mother, Mrs. Beulah Mae Morman, to the appellant’s sister, Mrs. Lavelle M. Thorn-hill, dated April 29, 1967, whereby a lot, with a house situated thereon, was conveyed by Mrs. Morman to Mrs. Thornhill for a consideration of $19,000, of which $15,000 was paid in cash and the remaining $4,000 was secured by a purchase money deed of trust. The appellant alleged that this warranty, deed and the purchase money deed of *259 trust were clouds upon his alleged title to his undivided one-third interest in the property under provision three of the joint will of A. W. Morman and Mrs. Beulah Mae Morman. The provisions of the will which concern us are as follows:
Second: We do hereby will, devise and bequeath unto the survivor of us all property of every kind and character which we or either of us may own at the time of the death of the first of us.
Third: After the death of both of us, it is our will that all the rest, residue and remainder of our property of every kind and character shall vest equally in our three children, J. P. Mor-man, Charles E. Morman and Mrs. Mary Lavelle Sublett.
J. P. Morman died in 1948 and Mrs. Mary Lavelle Sublett is now Mrs. Mary Lavelle Sublett Thornhill. To the appellant’s bill of complaint to cancel cloud, the appellees filed a general demurrer.
The chancellor sustained the appellee’s general demurrer and dismissed the bill of complaint of the appellant. From that judgment this appeal is taken.
The appellant assigns as error that:
1. The lower court erred in sustaining the demurrer of the appellees filed in this cause; and
2. The court erred in dismissing the bill of complaint of the appellant herein.
It is the contention of the appellant that under the A. W. Morman will the widow was devised only a life estate in his property, with the remainder to the three children. It is the contention of the appellees that under this will the widow was devised a fee simple estate in the property or a life estate coupled with an absolute right of disposition. The basic issue, therefore, to be resolved on this appeal is: Did the widow and appellant have only a life estate without the right of disposition of the property in question ?
The appellant cites as major authority for his contention the case of Monroe v. Holleman, 185 So.2d 443 (Miss.1966). A review of that case shows that it involved a joint will and testament and that the surviving widow who joined in said will did not attempt to renounce the will as the widow of the testator, as is also the situation in the case at bar. In the Holleman case, the surviving widow attempted to dispose of certain cash assets by establishing joint savings accounts and making other parties joint owners thereof, which accounts were established in certain savings and loan institutions in Hattiesburg, Mississippi. The Holleman will was far more detailed than the will in the case at bar and thus is distinguishable. In rendering its opinion in Monroe v. Holleman, supra, this Court stated as follows:
Construing the will here involved in the light of the contract which is a part of the will, we are convinced that the surviving testator could not legally give away a great part of the corpus of the estate and thereby defeat the agreement therein contained “that whatever of the estate remains after the death of both of us shall pass to our respective families, one-half to each family. * * * ” 185 So.2d at 448. (Emphasis added.)
The distinction between the case of Monroe v. Holleman, supra, and the case at bar appears to be apparent. In Monroe v. Holleman, supra, the survivor made a gift to certain parties upon her death so as to circumvent the provisions of the joint will by means of the establishment of joint bank accounts providing for survivorship. In the case at bar the survivor has made no gift of anything to anybody but has merely exchanged one asset, being property, for other assets, being cash and a purchase money deed of trust. In the Holleman case the money was diverted outside the will, whereas in the case at bar the proceeds from the sale of the land will still descend through the will under its third provision as “rest, *260 residue and remainder” upon the death of Mrs. Beulah Mae Morman.
After a careful, objective study of items “Second” and “Third” of the will, we reach the inescapable conclusion that it is immaterial in resolving the issue in this cause whether a fee simple title was devised by the will or only a life estate with remainder to the three children. This is true because under either concept of the will the stern fact remains that the widow and appellee under the language in the will had the absolute right of disposition. Under the first item A. W. Morman on his death devised all the property, real and personal, unto his wife, Mrs. Beulah Mae Morman. The same would have been true as to Mrs. Morman’s property had she died before he did. She would have devised all her property to him. This item does not restrict her right of disposal of the property.
Considering the third item, we find no specific prohibition of disposal. The restriction in the third item relates to the disposal of the property subsequent to the death of the appellee Mrs. Morman. After the death of both Mr. and Mrs. Morman it is then that the “rest, residue and remainder of our property of every kind and character shall vest equally in our three children.” Mrs. Morman, one of the appellees, is still alive and the “rest, residue and remainder” of the property is yet to be determined. Wheeler v. Williams, 235 Miss. 142, 108 So.2d 578 (1959); In Re Vail’s Will, 228 Miss. 151, 87 So.2d 68 (1956); Frierson v. Moorhead, 211 Miss. 811, 51 So.2d 925 (1951); Logan v. Sills, 28 Ind.App. 170, 62 N.E. 459 (1902); Galligan v. McDonald, 200 Mass. 299, 86 N.E. 304 (1908); Roth v. Rauschenbusch, 173 Mo. 582, 73 S.W. 664 (1903); Klotz v. Klotz, 122 N.J.Eq. 31, 191 A. 854 (1937); 28 Am.Jur.2d Estates § 73 (1966); 33 Am.Jur. Life Estates and Remainders §§ 19, 28, 37 (1941); Annot., 17 A.L.R.2d 7 (1951).
Regardless of whether, by the will, a fee simple title was devised to Mrs. Morman, appellee, or only a life estate with remainder in the remaining heirs, Mrs. Morman had the unqualified right of disposition under the terms and conditions of the will. It follows, therefore, that the astute chancellor was correct in sustaining the demurrer.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and INZER, JJ„ concur.