

Hᴀʀᴛ, et al. *v*. Fɪʀꜱᴛ Nᴀᴛɪᴏɴᴀʟ Bᴀɴᴋ ᴏꜰ Jᴀᴄᴋꜱᴏɴ, Tʀᴜꜱᴛᴇᴇ.

No. 41147          June 8, 1959          112 So. 2d 565

*Barnett, Jones & Montgomery,* Jackson, for appellants.

*Robert Burns, Charles Clark, Milton H. Mitchell,* Jackson, for appellee.

4

ARRINGTON, J.

This case involves the construction of certain instruments executed by Ben and Ida Hart creating a trust estate for the benefit of their son, Clarence Jerome Hart. The First National Bank of Jackson, appellee here, was complainant below, and filed its bill of complaint in the Chancery Court of the First Judicial District of Hinds County, praying that the court construe the trust instruments and adjudge and decree that the appellee, as successor trustee, has and enjoys the powers given to the original trustee, and for general relief.

From a final decree adjudging that the bank as successor trustee is vested with all the rights, powers, duties and liabilities of the original trustees, under the terms of the trust instruments, the defendants, appellants here, Clarence Jerome Hart, Jr., Miss Bennie Hart, and Samuel F. Hart, the adult children of Clarence Jerome Hart, appeal.

The trust estate created for Clarence Jerome Hart was created by three trust deeds in 1917. The trust deeds are identical except for the description of the property, and are as follows:

"In consideration of one dollar ($1.00) and other valuable considerations, the receipt of which is hereby acknowledged, we, Ben Hart and Mrs. Ida Hart, adult residents of Jackson, Hinds County, Mississippi, convey and sell unto Mrs. Minnie Hart Dreyfus, Joseph Hart and subject to the conditions, provisions and limitations hereinafter stated, the following described land, situated in the City of Jackson, First District of Hinds County, Mississippi, to-wit: . . . . .

(Here follows a description of the property)

"The said trustees shall hold said property subject to the following conditions, provisions and limitations:

"(a) The said trustees shall have the right, power and authority to lease, sell, barter, exchange, mortgage, incumber, improve, repair, invest and reinvest, and generally manage said property, or the proceeds thereof; and, in the control, sale, disposition and management of said property, or the proceeds thereof, shall have as full and complete power as we ourselves could lawfully exercise; and no person purchasing property, or any part thereof, from said trustees, lending money thereupon, or renting the same, shall be under any kind of obligation to see to the application of any money, or other thing of value, paid to the said trustees by reason thereof. In the event the said trustees shall sell, barter or exchange said property, or any part thereof, they shall have the same power and authority and be under the same duty in respect to the proceeds thereof. In other words, the proceeds of any property herein conveyed, sold, bartered, or exchanged, shall stand in lieu of the property sold, bartered, or exchanged, and shall be to the same extent subjected to the provisions of the trust herein created.

"(b) If the said Clarence Jerome Hart shall die without lawful issue of his own body, then the said trustees shall convey said property then remaining in their hands, or the proceeds thereof, to the heirs at law of the grantors herein; the said heirship to be determined as of the date of the death of the said Clarence Jerome Hart. If, however, at the time of the death of the said Clarence Jerome Hart, he shall leave surviving him lawful issue of his own body, then said trustees shall convey said property in fee simple to such issue.

"(c) The said trustees shall have the right, power and authority, at any time they may see fit, to convey, transfer and deliver said property still remaining in their hands, or any part thereof, or the proceeds and income thereof, or any part thereof, to the said Clarence Jerome Hart absolutely and without condition, in which event, this trust shall terminate.

"(d) During the existence of this trust, the said trustees shall have the power to pay and deliver to the said Clarence Jerome Hart such portion of the net income derived from the property herein conveyed, or the proceeds thereof, as, in their judgment, may be wise, just and expedient; but no part thereof shall be liable for any debt or obligation owing by him.

"(e) At the death of any one of said trustees, the survivors shall act; any upon the death of any two of said trustees, the survivor shall act; and upon the death of the third of said trustees during the continuance of this trust; or, if at any time, said trusteeship shall become vacant for any reason then the Chancery Court of the First District of Hinds County, Mississippi, or the Chancellor in vacation, shall have the power and authority to appoint one or more trustees instead thereof, said trustees, however, to be chosen from among the heirs at law of the grantors herein, and such trustee, or trustees, shall have the right, power and authority

and be under the same duty and obligations as the original trustees herein appointed.

"(f) Whereever the word 'trustees' shall be used in this instrument, it shall be construed as meaning the original trustees, the survivors thereof, the survivor thereof, or any successor, or successors, appointed in place thereof. A majority of the trustees shall have full and complete authority to act.

"Said trustees shall be entitled to deduct from any money received by them a reasonable compensation for their services in executing this trust."

At the time Ben and Ida Hart created the trust they had six children, viz: Mrs. Minnie Hart Dreyfus, age 38; Joseph Hart, age 36; Dr. Leonard Hart, age 35; Saul Cyril Hart, age 33; Sam F. Hart, age 25; and Clarence Jerome Hart, age 15. At the time of the trial, only Saul Cyril Hart and Clarence Jerome Hart were living.

In 1925, the original trustees resigned and all the heirs at law of Ben and Ida Hart refused to serve as such trustee. Whereupon the Chancery Court of Hinds County, Mississippi, on a proper petition and proceeding, appointed Capitol National Bank of Jackson as successor trustee, and it acted as such trustee until 1933, when that institution went into liquidation. The heirs at law again refused to serve as such trustee and the said court appointed Capitol National Bank in Jackson as successor trustee, the present successor trustee, the appellee, First National Bank of Jackson, being identical with Capitol National Bank in Jackson by virtue of a merger.

The main issue in this case is whether the powers given to the original trustees were personal to those trustees or whether such powers were annexed to the office of trustee and passed to the successor trustee, the appellee.

We said, in Hart v. First National Bank of Jackson, 103 So. 2d 406, that:

"In determining this question, consideration must be given to the instrument as a whole and effect must be given to the plain and unambiguous language therein used. It is generally recognized that general rules of construction of written instruments apply to the construction of trust instruments whether they are contracts, deeds, or wills. 54 Am. Jur., Trusts, Sec. 17. The prime inquiry in the construction of a will or trust instrument is the intention of the testator or the trustor, and in ascertaining this intent, effect must be given to the plain and unambiguous language used in the trust instrument. In re Vail's Will, Miss., 87 So. 2d 68. It is also a well recognized rule of construction that in ascertaining the intention of the testator or trustor, consideration must be given by the Court to the entire instrument and the instrument considered as a whole. Cross v. O'Cavanagh, 198 Miss. 137, 21 So. 2d 473."

And in Virginia Trust Company v. Buford, et al., 123 Miss. 572, 6 So. 356, this Court said:

"When a person has been appointed a trustee by the order of a court of competent jurisdiction, he sustains the character of trustee as completely as if he had been invested with it by the instrument creating the trust, and as a general rule may exercise all the powers and authority conferred on the original trustee that are necessary for the discharge of his duties, for otherwise the trust would fail for want of power in the trustee to execute it.

" 'Where, however, a power given to the original trustee is of a kind that indicates a personal confidence, it will prima facie be confined to the individual to whom it is given, and will not without express words pass to others, to whom by legal transmission the character of trustee may happen to belong; and though the estate with the trust attached to it will be in the trustee ap-

pointed by the court, yet the power (being one of that description) will be extinct.' 4 American Ed. Hill on Trustees, 331; Ex parte White, 118 Miss. 15, 78 So. 949, L. R. A. 1918E, 1065; Cole v. Wade, 16 Ves. Jr. 27, 33 Eng. Reprint, 894; 21 R. C. L. 789; 26 R. C. L. 1338; 1 Perry on Trusts (6 Ed.), 469; 2 Perry on Trusts (6 Ed.), 804; and cases cited in notes to Whitaker v. McDowell, 16 Ann. Cas. 326, and Wilson v. Snow, 50 L. R. A. (N.S.) 604.

"In other words, whether a power given to the original trustee can be exercised by his successor depends on the intention of the donor as expressed in the instrument by which the power is given. If the power is annexed to the office of the trustee, then it is clear that the donor intended for it to be exercised by any person who for the time being should occupy that office, but if given to the original trustee, not ratione officii but because of special confidence reposed in him by the donor, then it is equally clear, unless the instrument by which it was created provides otherwise, that the donor intended it to be exercised by the original trustee only."

■■ We are of the opinion that the settlors of the trust in question intended that any successor trustee would have the same rights, powers, and authority, as the original trustees, and that this intention is plainly expressed in the trust instrument itself. Paragraph (e) provides that if the trusteeship shall become vacant for any reason the Chancery Court of Hinds County, Mississippi, or the Chancellor in vacation, shall have the power and authority to appoint one or more successor trustees. It then provides that such successor trustees shall be chosen from the heirs of the settlors, and that such trustee, or trustees, shall have the same right, power, and authority as the original trustees. If the instrument had ended with these provisions there would be some validity to appellant's argument. However, the settlors added in paragraph (f) that "Wherever the word

'trustees' shall be used in this instrument, it shall be construed as meaning the original trustees, the survivors thereof, the survivor thereof, *or any successor, or successors, appointed in place thereof.*'' (Emphasis added). It is clear that the settlors desired that any successor trustee should be from among their heirs, but the addition of paragraph (f) would be meaningless unless it was in the contemplation of the settlors that the Chancery Court, or the Chancellor in vacation, might find it necessary to appoint as successor trustee someone other than an heir. If the settlors had intended that the rights, powers, and authority given the original trustees should pass to no successor trustee except an heir of the settlors, the instrument would have been complete without paragraph (f). By this paragraph the settlors made it clear that whenever the word ''trustees'' appears in the instrument it shall be construed to mean *any* successor trustee. We are of the opinion that the settlors expressly provided that any successor trustee, which includes appellee, should have the same right, power, and authority as the original trustees.

We are of the opinion that the decree of the lower court is correct and should be, and is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Ethridge* and *Gillespie, JJ.,* concur.